IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VERNA CONNORS, et al,

    Plaintiffs,

v.                                                  CASE NO. 5:10-cv-00266-RS-GRJ

BAY COUNTY, et al,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiffs initiated this cause of action by filing a partial complaint form that largely was indecipherable, except for Plaintiffs' request for $10,000,000,000.00 in damages from the United States Government. (Doc. 1). Plaintiffs filed an incomplete Motion for Leave to Proceed in Forma Pauperis and an incomplete form Motion for Appointment of Counsel. (Docs. 2 and 3.) Consequently, the Court entered an order requiring Plaintiffs to file completed forms on or before November 5, 2010. (Doc. 5.) The Court again entered another Order to Show Cause (Doc. 7) after Plaintiffs submitted additional forms that were equally incomplete and indecipherable. (Doc. 6.) The Court warned Plaintiffs that failure to comply with the Court's Orders would result in a recommendation that this lawsuit be dismissed.

Plaintiffs have filed two new complaints each of which fails to identify the nature of Plaintiffs' claims. (Docs. 8 and 9.) As best as can be deciphered from these new complaints, one of the Plaintiffs (Gordon Vaughn) is claiming that his mail is being stolen by the other Plaintiff as part of a conspiracy with the U.S. government and that

the U.S. government has caused Plaintiff severe pain through spy satellites. And despite filing complaints, which contain at best delusional claims, Plaintiffs have not paid the filing fee nor have the Plaintiffs filed a complete motion for leave to proceed *in forma pauperis*.

The screening process under 28 U.S.C. §1915 applies to non-prisoner *pro se* litigants, as here, who are proceeding *in forma pauperis*. Boyington v. Geo Group, Inc., No. 2:09-cv-570-FtM-29SPC, 2009 WL 3157642, at *1 (M.D. Fla. Sept. 25, 2009), *citing* Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not). In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." Dycus v. Astrue, No. CA 08-0727-KD-C, 2009 WL 47497, at *1 (S.D.Ala. Jan. 7, 2009). An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305, 1306 (11th Cir.2004); see also Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir.1997) (stating that a court may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious).

A plaintiff need not show that he is absolutely destitute to qualify for indigent status under §1915. Martinez, 364 F.3d at 1307. Instead, courts should consider the plaintiff's financial situation, including fiscal debts, obligations, dependants, income, and assets in determining whether to grant or deny an application to proceed *in forma pauperis*. Id. Plaintiff has not provided sufficient information for the Court to determine

Plaintiff's poverty, and therefore, the motion for leave to proceed should be denied.

In addition to establishing plaintiff's poverty, the district court must also conduct a frivolity screening pursuant to 29 U.S.C. §1915A. Frivolous claims include claims based on meritless legal theories, claims with clearly baseless factual contentions and—as is the case here— "claims describing fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 317 (1989) (applying §1915). This circuit has defined a frivolous claim as being "without arguable merit." Harris v. Menendez, 817 F.2d 737, 739 (11th Cir.1987) (*quoting* Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). "Arguable means capable of being convincingly argued. An action or claim in which 'the plaintiff's realistic chances of ultimate success are slight' is not one capable of being convincingly argued." Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir.1990), *quoting* Menendez, 817 F.2d at 740 n. 5. Factual allegations are frivolous for purpose of 28 U.S.C. 1915(d) when they are clearly baseless and legal theories are frivolous when they are indisputably meritless. Weeks v. Jones, 100 F.3d 124, 127 (11th Cir.1996). " Plaintiffs' complaint falls squarely within the definition of frivolous. Moreover, because the flaws in Plaintiffs' Complaint are so numerous and so fundamental, the Court concludes that granting Plaintiffs a further opportunity to amend would be futile and would simply be a further waste of scarce and valuable judicial resources.

After several attempts Plaintiffs have been unable to articulate any discernable factual allegations or offer any legal theories to support a claim. Further, Plaintiffs have failed to provide sufficient information for the Court to determine their eligibility to proceed *in forma pauperis*.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the Motion for Leave to Proceed (Doc 2) be **DENIED**, and this cause be **DISMISSED** as frivolous and for failure to state a claim for relief.

At Gainesville, Florida, this 30th day of December, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**